516.350. That statute concerns the enforceability of judgments, and Hughes has not attempted to enforce any judgment. The parties specifically agreed that their contractual rights with respect to the Maryland property would survive if they were incorporated into the judgment and were then found unenforceable, and there is no public policy against enforcing such an agreement. We reject Davidson–Hues's argument that the survival clause was not triggered in this case. Therefore, we reverse and remand for proceedings consistent with this opinion.

JAMES EDWARD WELSH, Presiding Judge, and MARK D. PFEIFFER, Judge, concur.

---

Before Division Three: ALOK AHUJA, Presiding Judge, VICTOR C. HOWARD, Judge and CYNTHIA L. MARTIN, Judge.

### ORDER

PER CURIAM:

Elwyn Cady appeals from the trial court's judgment convicting him of two housing code violations. Cady contends that the trial court erred in entering the convictions because the City of Independence failed to present a prima facie case because the city official invaded Cady's premises without a warrant in violation of the Fourth Amendment. We affirm. Rule 30.25(b).

---

■

**CITY OF INDEPENDENCE, Missouri, Respondent,**

v.

**Elwyn L. CADY, Jr., Appellant.**

**Nos. WD 71807, WD 71808, WD 71809.**

Missouri Court of Appeals, Western District.

Nov. 30, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 2011.

Elwyn L. Cady, Jr., Appellant Pro Se.

Mitchell E. Langford, Independence, MO, for respondent.

---

■

**Adrian AZEVEDO, Claimant/Appellant,**

v.

**NAPOLI 2, and Division of Employment Security, Respondents.**

**No. ED 95570.**

Missouri Court of Appeals, Eastern District, Division One.

Nov. 30, 2010.

Adrian Azevedo, High Ridge, MO, for Appellant.

Michael Pritchett, Jefferson City, MO, Napoli 2, Chesterfield, MO, for Respondent.